IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANJENAI BOLDEN, #M31931, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| vs. | ) ) | Case No. 18−cv–02197−SMY |
| CHIEF ADMINISTRATIVE OFFICER, C/O JOHN DOE 1, C/O JOHN DOE 2, C/O JOHN DOE 3, LT. CLARK, LT. DURBIN, and MAJOR PITTS, | ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Anjenai Bolden, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at East Moline Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff alleges that his cellmate repeatedly threatened him with physical harm, falsely accused him of sexual assault, and stole his personal property in February 2018. (Doc. 1, pp. 7-15). He asserts claims against several prison officials who allegedly ignored his related complaints and requests money damages. (*Id*. at 16).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

1

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 7-15): Plaintiff is an ADA[1] attendant who was assigned to assist a legally blind, wheelchair-bound cellmate, named Inmate Lenoir. The two inmates immediately had problems with one another. Lenoir did not want Plaintiff to serve as his ADA attendant and he repeatedly threatened to harm or kill him. Plaintiff also discovered Lenoir using his television without permission.

When Plaintiff notified prison officials of the conflict and threats of harm, Officers John Doe 1, John Doe 2, Starlin, and Mezzo laughed. They also threatened him with disciplinary action if he refused to perform his job. Plaintiff requested a different ADA assignment in writing, but received no response. When Lenoir also requested a different cellmate, the officers instructed him to sign a housing refusal form and warned him that doing so would result in segregation. Instead, Lenoir instead accused Plaintiff of sexually assaulting him.

The officers knew the accusation was false and told Plaintiff not to worry. (Doc. 1, p. 10). But following the shift change that day, Plaintiff was removed from his cell for investigation by three officers – Officer Bradford, Lieutenant Durbin, and Major Pitts. Lieutenant Durbin placed Plaintiff in cuffs that were too tight and caused pain for a short time as they walked down the hall. Lieutenant Clark told Durbin to remove the cuffs, and he did. Following an hour-long interview of Plaintiff, Lieutenant Clark concluded that Lenoir's claims were unfounded. Clark nevertheless instructed an officer to separate the two inmates.

---

[1] The "ADA" refers to the Americans with Disability Act, 42 U.S.C. § 12101 *et seq*.

Plaintiff soon discovered that Inmate Lenoir stole, damaged, or destroyed much of his personal property while he was being interviewed. When he complained, Officer Bradford, Officer Massi, Counselor Shelton, and Counselor Habs told Plaintiff to file a grievance. He did, but never recovered his property.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three Counts:

> **Count 1:** Eighth Amendment claim against Defendants for failing to protect Plaintiff from the serious risk of harm posed by Inmate Lenoir at Big Muddy in February 2018.
>
> **Count 2:** Eighth Amendment claim against Lieutenant Durbin for tightly cuffing Plaintiff while removing him from the cell he shared with Inmate Lenoir in February 2018.
>
> **Count 3:** Fourteenth Amendment claim against Defendants for the deprivation of Plaintiff's property without due process of law in connection with the loss, damage, or destruction of his personal property by Inmate Lenoir in February 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

### Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of inmates and imposes a duty on prison officials to take reasonable measures to guarantee their safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984));

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any claims Plaintiff asserted under the Sixth and Twelfth Amendments. He vaguely alluded to violations of his rights under both amendments, but he offered no reason for bringing these claims and did not indicate who they are against.

*Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). This includes the obligation to protect inmates from violence at the hands of other inmates. *Farmer*, 511 U.S. at 833-35. To state a failure to protect claim, a plaintiff must set forth sufficient facts to show that he was incarcerated under conditions posing a substantial risk of serious harm to his health or safety, and that the defendants acted with deliberate indifference. *Id*.

Construing Plaintiff's allegations liberally, the Court finds Plaintiff has sufficiently alleged that C/O John Doe 1 and C/O John Doe 2 responded to his complaints about Inmate Lenoir with deliberate indifference. When Plaintiff complained that the ADA assignment and housing arrangement were not working because Inmate Lenoir repeatedly threatened him with physical harm and even death for offering his assistance, both officers and others[3] allegedly laughed off his complaints. They also allegedly threatened Plaintiff with disciplinary action if he refused to serve as Lenoir's ADA assistant or refused his housing assignment. Accordingly, this claim will receive further review against these defendants once they are identified. Because Plaintiff mentions no other named defendants in connection with this claim, Count 1 will be dismissed against them without prejudice.

**Count 2**

The intentional use of excessive force by prison guards against an inmate without penological justification also constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). A claim may arise even when the force results in only *de minimus* injuries. *Id*. The relevant question is whether the force "was carried out

---

[3] Plaintiff mentions several individuals in the statement of his claim who are not parties in this action. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Plaintiff's allegations do not suggest that Lieutenant Durbin used excessive force by cuffing Plaintiff tightly and escorting him to his interview with internal affairs in February 2018. At the time, Plaintiff was accused of sexual assault, so the decision to cuff him was not gratuitous. Further, Plaintiff remained cuffed for only a brief time and did not complain of excessive tightness or injuries to the officer. (*See* Doc. 1, p. 12). Plaintiff simply asked why he was placed in handcuffs. (*Id.*). This is insufficient to state a claim under the Eighth Amendment against Lieutenant Durbin or any other defendants. Count 2 will therefore be dismissed without prejudice.

## Count 3

Plaintiff asserts a claim against the defendants for the loss of his personal property. To state a Fourteenth Amendment claim, Plaintiff must establish a deprivation of liberty or property without due process of law. U.S. CONST. amend XIV. Moreover, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citations omitted) ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property."). Accordingly, this claim will be dismissed without prejudice to Plaintiff separately pursuing relief in the Illinois Court of Claims.

## **Identification of Unknown Defendants**

As previously noted, Plaintiff will be allowed to proceed with Count 1 against Defendants C/O John Doe 1 and C/O John Doe 2. However, these defendants must be identified with

particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the warden of Big Muddy Correctional Center, Daniel Q. Sullivan, will be added to the docket in CM/ECF in his official capacity only and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Once the names of Defendants C/O John Doe 1 and C/O John Doe 2 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. The unsigned motion does not describe sufficient efforts on the part of Plaintiff to find counsel on his own before seeking the Court's assistance. Further, the single surviving claim is straightforward and involves facts and evidence that should be accessible to Plaintiff. He has also demonstrated an ability to litigate this matter without the assistance of counsel, by filing coherent and organized pleadings to date. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The Court thus declines to recruit counsel at this time, despite some impediments (educational and medical) noted by Plaintiff. However, he is free to renew his request for counsel at any time it becomes necessary.

Plaintiff's Motion for Service of Process (Doc. 4) is **DENIED** as unnecessary. The Court will order service as a matter of course on the defendants once they are properly identified.

### Disposition

**IT IS ORDERED** that **COUNT 1** shall receive further review as to **JOHN DOE 1** *Correctional Officer* and **JOHN DOE 2** *Correctional Officer*. This claim is dismissed without prejudice against all other defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure

to state a claim upon which relief may be granted against the defendants.

The Clerk of the Court is **DIRECTED** to **ADD** the Warden of Big Muddy River Correctional Center, **DANIEL Q. SULLIVAN**, in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown correctional officers. The Clerk is further **DIRECTED** to **TERMINATE** Defendants **CHIEF ADMINISTRATIVE OFFICER, C/O JOHN DOE 3, LT. CLARK, LT. DURBIN,** and **MAJOR PITTS** as parties in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **SULLIVAN** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants, **JOHN DOE 1** *Correctional Officer* and **JOHN DOE 2** *Correctional Officer*, until such time as Plaintiff has identified each by name

in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With the exception of Defendant Sullivan, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**SULLIVAN** is **ORDERED** to timely enter his appearance. **SULLIVAN**, however, <u>does not need to file an Answer or other responsive pleading</u>. Once **SULLIVAN** enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **SULLIVAN** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/23/2019**

s/ STACI M. YANDLE
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**